**Deborah KMETZ, Plaintiff,**

v.

**STATE HISTORICAL SOCIETY OF WISCONSIN (Wisconsin Historical Society), Board of Curators of the State Historical Society of Wisconsin (Wisconsin Historical Society), George Vogt, in his individual capacity and former official capacity as Director State Historical Society of Wisconsin, and Michael Stevens, in his individual capacity and official capacity as Public History Division Administrator, State Historical Society of Wisconsin Defendants.**

No. 03–C–107–C.

United States District Court, W.D. Wisconsin.

Aug. 28, 2003.

Edward R. Garvey, for Plaintiff.

Richard Moriarty, Assistant Attorney General, Madison, WI, for Defendants.

## OPINION AND ORDER

CRABB, District Judge.

This is a civil action for monetary and injunctive relief brought pursuant to Wis. Stat. § 895.65 and 42 U.S.C. § 1983. Plaintiff Deborah Kmetz contends that defendants State Historical Society of Wisconsin, Board of Curators of the State Historical Society of Wisconsin, George Vogt and Michael Stevens violated her free speech rights under the state and federal constitutions when they terminated her for speaking on issues of public concern. Jurisdiction is present under 28 U.S.C. §§ 1331 and 1367.

Presently before the court is defendants' motion to dismiss for failure to state a claim upon which relief may be granted. Defendants contend that all claims under Wis. Stat. § 895.65 should be dismissed because plaintiff is not a covered employee under Wis. Stat. § 895.65. Alternatively, defendants argue that all claims under Wis. Stat. § 895.65 against defendant Board of Curators should be dismissed because the board is not plaintiff's employer. Finally, with respect to plaintiff's claim under § 1983, defendants contend that plaintiff has improperly attempted to sue Vogt in his "former official capacity."

I will deny defendants' motion in part and grant it in part. Defendants have not shown me that there is no set of facts consistent with plaintiff's allegations that would entitle her to relief under Wis. Stat. § 895.65. Whether plaintiff is an "employee" as defined by § 895.65 and whether defendant Board of Curators is her "employer" are issues of fact that are more appropriately resolved at summary judgment. However, because I agree with defendants that plaintiff may not sue an individual in his or her *former* official capacity, I will grant defendants' motion to dismiss the claims against defendant Vogt in his "former official capacity."

When considering a motion to dismiss for failure to state a claim, a court must accept as true the well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Yeksigian v. Nappi,* 900 F.2d 101, 102 (7th Cir.1990). For the sole purpose of deciding the motion to dismiss, I find that the well-pleaded allegations of plaintiffs' complaint fairly allege the following.

## ALLEGATIONS OF FACT

From 1979 until June 2002, plaintiff Deborah Kmetz worked for defendant State Historical Society of Wisconsin. She was one of two permanent employees within its Office of Local History. Defendant State Historical Society is a state agency. Defendant Board of Curators of the State Historical Society of Wisconsin has authority to approve the society's budget.

Defendant Michael Stevens is state historian for the State Historical Society and was plaintiff's supervisor as Public History Division Administrator. Defendant George Vogt served as the director of the State Historical Society from the summer of 1996 until the summer of 2002. Defendant Vogt served as Secretary for the Wisconsin Historical Foundation during this same time. The Wisconsin Historical Foundation is a private, nonprofit organization that was founded to support the mission of the State Historical Society. Before July 2001, it was known as the Wisconsin History Foundation.

In February 2001, defendant Vogt recommended to defendant Board of Curators that the State Historical Society's name be changed to the "Wisconsin Historical Society." At a general staff meeting in April 2001, plaintiff said that the State Historical Society's name was very significant and that it was important to retain the word "State" in the name because it reflected the idea of public ownership. Nevertheless, in May 2001, defendant State Histori-cal Society distributed a press package announcing the name change and defendant State Historical Society's new logo "Wisconsin Hi Story." Defendant State Historical Society adopted the name "Wisconsin Historical Society" for general use and marketing, while retaining "State Historical Society of Wisconsin" for legal purposes.

Following the press package announcing the name change, a *Capital Times* reporter asked plaintiff for comment. The *Capital Times* later printed an article about the name change in which it quoted plaintiff as stating, "There is a lot of power in a name and we should think very, very deeply when we want to change our name ... We've had the name 'State Historical Society of Wisconsin' a long, long time ... We're 150 years old and it's carved into our building." The newspaper story was picked up by the Associated Press and printed in the Portage *Daily Register.* A copy of the newspaper story as it appeared in the Portage *Daily Register* was distributed with plaintiff's name and quotes circled at a meeting of defendant Board of Curators in June 2001. The names of other people quoted in the article were not circled.

In July 2001, the Wisconsin History Foundation changed its name to the "Wisconsin Historical Foundation." At this time, the foundation also incorporated the "Wisconsin Hi Story" logo into its letterhead.

In August 2001, for over two hours of her own time, plaintiff relayed her concerns over possible fiscal mismanagement at the State Historical Society to state auditors who were conducting a fiscal audit of the State Historical Society. Specifically, plaintiff discussed with auditors her perception that the State Historical Society was giving an increased number of perquisites to staff of the State Historical

Society and Wisconsin Historical Foundation. Plaintiff questioned the wisdom and cost of a recent State Historical Society strategic plan. During this same month, defendant Stevens started the practice of conducting weekly meetings with plaintiff and the other employee in her division, Tom McKay. These meetings continued until plaintiff was laid off.

On February 26, 2002, the Public History Division of the State Historical Society held a staff meeting. The State Historical Society was facing financial upheaval under the state's budget reform bill and defendant Vogt had previously warned staff that there would likely be layoffs. At this meeting, plaintiff questioned defendant Vogt about the Wisconsin Historical Foundation's recent name change as well as defendant Vogt's negotiations for a salary increase.

On March 5, 2002, plaintiff's position appeared as a candidate for layoff in defendant Vogt's budget reduction plan. Defendant Stevens informed plaintiff of the news. On March 15, 2002, defendant Board of Curators adopted Vogt's budget plan.

In April 2002, defendant Vogt announced that he would be resigning his position at the State Historical Society. As a result, defendant Board of Curators convened in order to consider searching for a new director in May 2002. During this meeting, a motion was made and seconded to reconsider Vogt's budget plan. John E. Grek, president of the Wisconsin Council for Local History, presented a multi-page alternative plan that would eliminate 9.5 vacant positions but would not require any lay-offs. This alternative plan also identified a mistake in Vogt's plan: Vogt stated that a 1.5% cut was proposed by State Assembly Republicans whereas Legislative Fiscal Bureau documents indicated the cut was only 0.5%. In any event, defendant Board of Curators voted against reconsideration of Vogt's budget plan.

On June 11, 2002, plaintiff received a letter from defendant State Historical Society stating that plaintiff's position had been selected for a layoff and that her last day of work would be June 29, 2002. On June 19, 2002, defendant Stevens gave plaintiff a "Letter of Direction on Performance and Work Behavior Issues." The letter accused plaintiff of denigrating defendant State Historical Society's staff members as well as criticizing defendant State Historical Society's local history plan. On June 24, 2002, defendant Stevens gave plaintiff her Performance Planning and Evaluation Report for May 2001 through April 2002. In addition to noting that plaintiff had completed various tasks, it commented that plaintiff "has made little progress in presenting the Society in a positive light to the local history community and in some cases has presented the Society decisions in a negative manner *after* decisions have been made by the Board ..." On June 29, 2002, plaintiff was laid off from her job with the State Historical Society.

## OPINION

### A. *Motion to Dismiss Standard*

A claim will not be dismissed under Fed.R.Civ.P. 12(b)(6) unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The standard is based on the concept of notice pleading, which requires that every complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Notice pleading does not require a plaintiff to plead facts supporting each element of a cause of action. *See Sanjuan v. American*

*Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir.1994) ("At this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.").

## B. *Whether Plaintiff Is an "Employee" under § 895.65*

■ Section 895.65 permits an employee to bring an action against his or her employer if the employer retaliates against the employee because the employee exercised his or her right to free speech under the United States Constitution or Wisconsin Constitution. Defendants argue that plaintiff fails to state a claim under Wis. Stat. § 895.65 because she was not a covered employee as defined by that statute. An "employee" is defined as anyone "employed by any governmental unit except . . . [a] person who is, or whose immediate supervisor is, assigned to an executive salary group . . . under s. 20.923." Wis. Stat. § 895.65(1)(b). Defendants argue that plaintiff cannot meet this definition because the allegations of her complaint establish that defendant Stevens was both her "immediate supervisor" and assigned to an "executive salary group."

I am not persuaded that plaintiff has pleaded herself out of court. First, plaintiff alleged the defendant Stevens was her supervisor, not her immediate supervisor. It is true that plaintiff has alleged that defendant Stevens gave her a "Letter of Direction on Performance and Work Behavior Issues" and gave her a "Performance Planning and Evaluation Report." However, I cannot conclude as a matter of law that defendant Stevens is plaintiff's immediate supervisor just because he has some responsibilities that would be consistent with that label. Wis. Stat. § 895.65 does not define the term "immediate supervisor" and there has been no case law construing it. Thus, the determination whether defendant Stevens is plaintiff's "immediate supervisor" will require an in-

quiry into defendant Stevens's control over plaintiff as compared to that of other supervisory officials. I cannot make this comparison from the face of plaintiff's complaint. It may be that although Stevens exercised some authority over plaintiff, there are other individuals who exercise more "immediate" supervisory control. The issue should be decided in the context of a motion for summary judgment. *See Sanjuan v. American Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir.1994) ("Matching facts against legal elements comes later.").

With respect to the issue whether defendant Stevens was assigned to an executive salary group, I turn first to Wis. Stat. § 20.923, which provides:

> Except for all positions specified in par. (c) 3m. and sub. (12), all unclassified division administrator positions enumerated under s. 230.08(2)(e) shall be assigned, when approved by the joint committee on employment relations, by the secretary or employment relations to one of 10 executive salary groups

Wis. Stat. § 20.923(4). Defendant Stevens is not specified in Wis. Stat. § 20.923. However, Wis. Stat. § 230.08(2)(e) provides that

> The number of division administrator positions as specified in this paragraph . . . for the historical society with specific functional assignments to be determined by the appointing authority, except as otherwise provided in sub. (4) or otherwise provided by law:
>
> . . .
>
> 5m. Historical society—6.

Because plaintiff alleges that defendant Stevens is a division administrator for the State Historical Society, it would appear from the face of the complaint that plaintiff has conceded that Stevens is assigned to an executive salary group. However, in her brief she cites an affidavit from plain-

tiff and a copy of an email forwarded to plaintiff that originated from defendant Stevens and alleges that defendant Stevens assumed his position as a division administrator when there were already six division administrators at the State Historical Society. Plaintiff points out that § 230.08(2)(e) limits the number of division administrators in the State Historical Society to six. If plaintiff's allegation is correct, defendant Stevens may not be a division administrator in fact, and, therefore it may be that he is not assigned to an executive salary group. Because plaintiff appears to have made a misstep in pleading and appears to be attempting to amend the complaint with this additional information, I will construe her brief as an implied motion to amend her complaint and I will grant that motion. Fed.R.Civ.P. 15(a); *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a prompt decision on the merits.")

Defendants point out that there may be tension between plaintiff's allegation that defendant Stevens's position was unauthorized and her claim against him in his official capacity. However, I need not resolve this issue now. At the pleading stage, a plaintiff may proceed on alternate theories. *Alper v. Altheimer & Gray,* 257 F.3d 680, 687 (7th Cir.2001). If it is established later in the proceedings that defendant Stevens is not a division administrator by law, I can address the implications for plaintiff's official capacity suit against Stevens at that time.

### C. Whether the Board of Curators is Plaintiff's "Employer" under § 895.65

■ Wis. Stat. § 895.65 imposes liability on the "employer" only. As an alternative argument, defendants argue that defendant Board of Curators is not a proper party because plaintiff pleaded that defendant State Historical Society was her employer, not defendant Board of Curators. Again, plaintiff is not required to plead facts supporting each element of a cause of action in the complaint. *See Sanjuan,* 40 F.3d at 251 (7th Cir.1994); *Conley,* 355 U.S. at 47, 78 S.Ct. 99 ("Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.") The purpose of pleading is to facilitate a prompt decision on the merits, not to punish a litigant for an inadvertent oversight. *Conley,* 355 U.S. at 48, 78 S.Ct. 99.

In her complaint, plaintiff alleged that defendant State Historical Society was her employer and that defendant Board of Curators is its governing body. Viewing the facts in the light most favorable to plaintiff, defendant Board of Curators may be her employer because it governed defendant State Historical Society and approved the budget that included her layoff. Determining exactly who was plaintiff's employer is a factual determination that is decided more appropriately on summary judgement. Consequently, I will not dismiss plaintiff's claim against defendant Board of Curators simply because the plaintiff failed to say the magic words, "defendant Board of Curators was my employer."

### D. Whether Defendant Vogt May be Sued in his "Former Official Capacity"

■ An official capacity claim is another way of stating an action against the entity that employs the officer. *See Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (citing *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Defendants argue

that plaintiff cannot sue defendant Vogt in his "former official capacity" because doing so is inconsistent with the nature of an official capacity claim. Plaintiff disagrees and cites a number of cases in which other plaintiffs have named a defendant in his "former official capacity." *See Messer v. Meno*, 130 F.3d 130 (5th Cir.1997); *Stone v. Peacock*, 968 F.2d 1163 (11th Cir.1992); *Walker v. Schwalbe*, 112 F.3d 1127 (11th Cir.1997); *Kennedy v. Hardiman*, 684 F.Supp. 540 (N.D.Ill.1988); *Doan v. Watson*, 168 F.Supp.2d 932 (S.D.Ind.2001); *Gibson v. City of Chicago*, 910 F.2d 1510 (7th Cir.1990). However, none of the cases plaintiff cites addresses the issue whether it is proper to name a defendant in his or her "former official capacity."

The Court of Appeals for the Seventh Circuit has not discussed the issue. However, the Court of Appeals for the Second Circuit did so in *Mathie v. Fries* 121 F.3d 808, 818 (2d Cir.1997):

> A claim against a government officer in his official capacity is, and should be treated as, a claim against the entity that employs the officer ... [citation omitted] ... A claim against a person 'in his former official capacity' has no meaning. If the claimant seeks to hold the offender personally responsible, the claim is against the person in his individual capacity. A claim against an offender is his official capacity is, and should be treated as, a claim against the entity that employs the officer.

I agree that a suit against an individual in his or her "former official capacity" is nonsensical. This claim against defendant Vogt will be dismissed.

Plaintiff argues that "it would be difficult to hold public officials and institutions accountable for their actions if they could avoid equitable relief by having the guilty party leave office." Pl.'s Br., Dkt. # 12 at 21. However, this concern is unfounded because a suit against an offender in his or her official capacity is treated as a claim against the entity that employs that officer. A public official that leaves office may still be liable for money damages in his or her personal capacity. To the extent that injunctive relief is needed, a plaintiff may name the entity rather than the individual.

## ORDER

IT IS ORDERED that

1. Defendants State Historical Society of Wisconsin, Board of Curators of the State Historical Society of Wisconsin, Michael Stevens and George Vogt's motion to dismiss plaintiff's claims under Wis. Stat. § 895.65 is DENIED.

2. Defendants' motion to dismiss all claims against defendant George Vogt in his "former official capacity" is GRANTED.

3. Plaintiff will have until September 15, 2003, to file an amended complaint incorporating her allegations that defendant Stevens is not assigned to an executive pay group. Defendants may have until October 6, 2003, to file a new answer. If defendants do not file a new answer by that date, their answer filed on May 30, 2003, will remain the operative pleading.